**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0653-23

H.D.,[1]

    Plaintiff-Appellant,

v.

SHERRYL ALLEN and the
RIVERSIDE MUNICIPAL
COURT,

    Defendants-Respondents.

_____

Submitted November 4, 2024 – Decided November 22, 2024

Before Judges Sabatino and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-1090-22.

H.D., appellant pro se.

Raymond Coleman Heinold, LLP, attorneys for respondents (Stephen E. Raymond, Jr., on the brief).

---

[1] We use initials to protect the privacy of appellant, whose arrest discussed in this opinion has been expunged. R. 1:38-3(c)(7); N.J.S.A. 2C:52-15.

PER CURIAM

Plaintiff H.D. appeals the trial court's September 11, 2023 summary judgment order dismissing her complaint against defendants under the Tort Claims Act ("TCA"), N.J.S.A. 59:1-1 to :12-3, arising out of defendants' delay in processing the expungement of her arrest for simple assault.

The trial court concluded as a matter of law that defendants' actions and inactions concerning the expungement were immunized by the Legislature within the TCA under N.J.S.A. 59:2-5 and N.J.S.A. 59:3-6. The trial court rejected plaintiff's contention that those immunities were nullified by the TCA's "willful misconduct" provision, N.J.S.A. 59:3-14. We affirm, substantially for the sound reasons expressed in the trial court's oral decision.

We summarize the pertinent circumstances. In May 2020, plaintiff was charged with simple assault, N.J.S.A. 2C:12-1(a)(1). She appeared before the Riverside Municipal Court in December 2020, at which time the assault charge was dismissed and the municipal court directed an expungement of her arrest record.

The expungement was not processed for over a year by defendants, Riverside Municipal Court and its clerk, Sherryl Allen. After running a criminal background check on herself, plaintiff alerted Allen on January 24, 2022, that

2

the arrest still appeared on her record. Allen processed the expungement the next day, January 25, 2022. Through the court's automated system, notices were generated and sent that same day to the pertinent agencies, including the New Jersey State Police and the Riverside Police Department, instructing them to remove the record of plaintiff's arrest from their respective records.

On April 11, 2022, plaintiff alerted Allen that the record of her arrest still appeared in the records of the State Police.[2] Allen immediately reached out to the State Police to request an expedited expungement for plaintiff. Allen reached out to the State Police multiple times thereafter. In addition, she provided updates to plaintiff about her efforts, and supplied plaintiff with an email address for the State Police Expungement Unit. In an April 12, 2022 email, Allen informed plaintiff that the State Police had advised her it was "7 to 8 months behind" with processing "all expungements," and that nothing could be done to expedite the process more quickly. Allen apologized to plaintiff and explained she had "exhausted all avenues to help [her] with this." Allen explained it was "all in the State Police['s] hands." She reiterated to plaintiff

_____

[2] According to the trial court's opinion, by the time the parties had oral argument on the summary judgment motion on September 8, 2023, the State Police had processed plaintiff's expungement.

A-0653-23

that if she thought Allen could "help in any other way, please reach out to me by email."

On May 23, 2022, plaintiff filed a pro se complaint in the Law Division against defendants Allen and the Riverside Municipal court,[3] asserting that defendants negligently failed to file her expungement. Defendants thereafter moved for summary judgment, contending that their actions and inactions, even if deemed negligent, are immunized under the TCA.

Specifically, N.J.S.A. 59:2-5 bestows the following immunity upon public entities sued under the TCA, such as Riverside Township:

> A public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend, or revoke any permit, license, certificate, approval order or similar authorization where the public entity or public employee is authorized by law to determine whether or not such authorization should be issued, denied, suspended or revoked.
>
> [(Emphasis added).]

The 1972 Task Force Comment regarding N.J.S.A. 59:2-5 instructs this immunity "is necessitated by the almost unlimited exposure to which public

---

[3] As noted in defendants' answer, the complaint improperly pled the co-defendant public entity, which should have been named as "Riverside Township."

A-0653-23

entities would otherwise be subjected if they were liable for the numerous occasions on which they issue, deny, suspend or revoke permits and licenses." See Margolis & Novack, Title 59: Claims Against Public Entities, 1972 Task Force cmt. on N.J.S.A. 59:2-5 (2024).  The immunity extended by this provision extends to ministerial as well as discretionary acts.  Malloy v. State, 76 N.J. 515, 520 (1978); Pinkowski v. Twp. of Montclair, 299 N.J. Super. 557, 570 (App. Div. 1997).

Concurrently, the same protections afforded by the TCA from liability to public entities under N.J.S.A. 59:2-2 are extended to public employees such as Allen, pursuant to N.J.S.A. 59:3-6:

> A public employee is not liable for an injury caused by his issuance, denial, suspension or revocation of, or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where he is authorized by law to determine whether or not such authorization should be issued, denied, suspended or revoked.
>
> [(Emphasis added).]

At the oral argument on defendants' motion, plaintiff asserted the delay in expunging her arrest record had been impeding her employment opportunities. She argued defendants' negligence in failing to have her arrest expunged sooner amounted to willful misconduct under N.J.S.A. 59:3-14, and thereby nullified

5

defendants' immunities.

Specifically, N.J.S.A. 59:3-14 provides:

> a. Nothing in this act shall exonerate a public employee from liability if it is established that his conduct was outside the scope of his employment or <u>constituted a crime, actual fraud, actual malice or willful misconduct</u>.
>
> b. Nothing in this act shall exonerate a public employee from the full measure of recovery applicable to a person in the private sector if it is established that his conduct was outside the scope of his employment or constituted <u>a crime, actual fraud, actual malice or willful misconduct</u>.
>
> [(Emphasis added).]

The trial court rejected this argument, finding the willful misconduct exception inapplicable. This appeal by plaintiff ensued.

In reviewing the trial court's decision, we must be mindful of the Legislature's general policy objectives in enacting the TCA and its various immunities and defenses. The Legislature determined that "public entities could only be held liable for negligence 'within the limitations of [the TCA].'" <u>Stewart v. N.J. Tpk. Auth.</u>, 249 N.J. 642, 655 (2022) (alteration in original) (quoting N.J.S.A. 59:1-2). "[T]he 'guiding principle' of the [TCA] is 'that "immunity from tort liability is the general rule and liability is the exception."'" <u>D.D. v. Univ. of Med. & Dentistry of N.J.</u>, 213 N.J. 130, 134 (2013) (quoting <u>Coyne v.</u>

6

State Dep't of Transp., 182 N.J. 481, 488 (2005)).

The trial court correctly found applicable here the dual immunities of N.J.S.A. 59:2- 5 shielding public entities, and N.J.S.A. 59:3-6 shielding public employees, in connection with an alleged failure to issue orders and authorizations. An expungement order is plainly within the sweep of those immunities as a matter of law.

Defendants' delay in processing the expungement does not rise to the level of willful misconduct within the scope of N.J.S.A. 59:3-14. The 1972 Task Force Comment explains that "the intent of this provision [is] that a public employee guilty of <u>outrageous conduct</u> cannot avail [herself] of the limitations as to liability and damages contained in [the TCA]." Margolis & Novack, <u>Title 59: Claims Against Public Entities</u>, 1972 Task Force cmt. on N.J.S.A. 59:3-14 (2024) (emphasis added). Case law has construed the term "willful misconduct" to signify a "knowing failure to follow specific orders, 'knowing' that there is an order and willfully failing to follow it." <u>Fielder v. Stonack</u>, 141 N.J. 101, 126 (1995); <u>see also</u> <u>Leang v. Jersey City Bd. of Educ.</u>, 198 N.J. 557, 585-92 (2009) (quoting <u>Berg v. Reaction Motors Div., Thiokol Chem. Corp.</u>, 37 N.J. 396, 414 (1962) defining willful misconduct under N.J.S.A. 59:3-14 to connote "a deliberate act or omission with knowledge of a high degree of probability of

A-0653-23

harm and reckless indifference to consequences"). Defendants' failure to process plaintiff's expungement sooner, while unfortunate, is not comparable to the facts in any published case in which actual misconduct existed.

Plaintiff criticizes defendants for not doing more to cause her arrest record to be removed more quickly from the records of the State Police. But the State Police, which is not a defendant in this case, is a state, not a municipal, agency, and thus beyond defendants' authority or control. The Division of the State Police is instead under the authority of the Attorney General, pursuant to the Criminal Justice Act of 1970, N.J.S.A. 52:17B-97 to -117. The record reflects the Division was coping with a backlog of pending expungements. As we noted above, Allen tried to get the State Police to respond to plaintiff's situation on an expedited basis and provided plaintiff with the contact information for the State Police's Expungement Unit. The emails from Allen in the record are professional and courteous. Her efforts do not bespeak a knowing and willful indifference to plaintiff's circumstances. The exception under N.J.S.A. 59:3-14 plainly does not apply here.

To the extent we have not addressed them explicitly, all other points raised by plaintiff lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0653-23